UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                          :
CHERYL D. WAITERS,                        :        CASE NO. 1:08-CV-2006
                                          :
            Plaintiff,                    :
                                          :
vs.                                       :        ORDER & OPINION
                                          :        [Resolving Doc. No. 25.]
CITY OF CLEVELAND,                        :
                                          :
            Defendant.                    :
                                          :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    On August 25, 2009, this Court granted summary judgment in favor of Defendant City of Cleveland on all of the claims raised by Plaintiff Cheryl D. Waiters. [Doc. 23.]  The Court accordingly entered judgment dismissing the case in its entirety. [Doc. 24.]  Plaintiff Waiters now moves this Court to reconsider its order and opinion granting the Defendant's motion and to vacate its judgment in favor of the Defendant. [Doc. 25.]  For the following reasons, the Court **DENIES** the Plaintiff's motion to reconsider and vacate.

## I.  Background

    In this case, Plaintiff Cheryl Waiters alleges that the Defendant City of Cleveland discriminated against her on the basis of sex and race and retaliated against her because of her participation in protected activities and her opposition to unlawful practices all in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). [Doc. 1.]

    The City of Cleveland ("City") employed Waiters at Hopkins International Airport as an electrician from 1999 to 2007. [Id.]  The City disciplined Waiters several times during her employment at the Airport before finally terminating her on June 8, 2007. [Doc. 1 at 2, Doc. 18 at

-1-

Case No. 1:08-CV-2006
Gwin, J.

2, 5-6.] Throughout her employment and following her termination, Waiters filed numerous charges with the Equal Employment Opportunity Commission ("EEOC"), the last of which the EEOC dismissed on July 16, 2008.  [Docs. 18, Ex. D, 18, Ex. E at 4.]

Waiters subsequently filed this lawsuit, *pro se*, on August 12, 2008, alleging that the City discriminated against her in work assignments, discipline, denial of FMLA benefits, termination, and promotions because of her race and sex, and in retaliation for protected activities. [Doc. 1.]   The Defendant City of Cleveland moved for summary judgment on all claims. [Doc. 15.] Plaintiff Waiters requested and the Court granted an extension of time to respond to the Defendant's motion for summary judgment. [Docs. 16, 17.] On August 25, 2009, the Court granted Defendant's motion for summary judgment on all claims and accordingly entered judgment dismissing the case in its entirety. [Docs. 23, 24.] On August 28, 2009, the Plaintiff moved the Court to vacate its judgment and reconsider its opinion and order. [Doc. 25.]  The Defendant did not respond.  The Plaintiff, however, filed an additional Reply and Report in support of her motion to reconsider. [Doc. 26.]

## II.  Legal Standard

A court will construe a *pro se* litigant's pleadings more liberally than pleadings drafted by lawyers. *Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992).  Thus, the Court will construe the present motion liberally and in Plaintiff Waiters' favor either as a Rule 59(e) motion to alter or amend the Court's August 25th ruling, or as a Rule 60(b) request for relief from that ruling. *See Kirkland v. Runyon*, 887 F. Supp. 1001, 1003 (S.D. Oh. 1995).

### A. Rule 59(e)

The Sixth Circuit has held that district courts may treat a motion to reconsider under Federal Rule of Civil Procedure 59(e) as a motion to alter or amend a judgment.  *See Smith v. Hudson*, 600

Case No. 1:08-CV-2006
Gwin, J.

F.2d 60, 62-63 (6th Cir. 1979) ("a motion which asks a court to vacate and reconsider, or even to

reverse its prior holding, may properly be treated under Rule 59(e) as a motion to alter or amend a

judgment.").  Such a motion is extraordinary and is seldom granted because it contradicts notions

of finality and repose.  *See Wells Fargo Bank v. Daniels,* No. 1:05-CV-2573, 2007 WL 3104760, at

*1 (N.D. Ohio Oct. 22, 2007); *Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc.*, 904 F. Supp. 644,

669 (N.D. Ohio 1995).

A court may grant a motion to amend or alter judgment (1) to correct a clear error of law, (2)

to address newly discovered evidence, (3) to address an interviewing change in controlling law, or

(4) to prevent manifest injustice.  *See Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834

(6th Cir. 1999).  "It is not the function of a motion to reconsider either to renew arguments already

considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a

prior argument when the legal theory or argument could, with due diligence, have been discovered

and offered during the initial consideration of the issue.'" *McConocha v. Blue Cross & Blue Shield

Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (citation omitted).  When the "defendant

views the law in a light contrary to that of this Court," its "proper recourse" is not by way of a

motion for reconsideration but by "appeal to the Sixth Circuit." *Dana Corp. v. United States*, 764

F. Supp. 482, 489 (N.D. Ohio 1991).

*B. Rule 60(b)*

Under Rule 60(b) of the Federal Rules of Civil Procedure, a court may relieve a party from

a final judgment or order where the party shows: (1) mistake, inadvertence, surprise, or excusable

neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been

discovered in time to move for a new trial under Rule 59(b); (3) fraud  . . . , misrepresentation, or

-3-

Case No. 1:08-CV-2006
Gwin, J.

misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. FED. R. CIV. P. 60(B).  "As a prerequisite to relief under Rule 60(b), a party must establish that the facts of its case are within one of the enumerated reasons contained in Rule 60(b) that warrant relief from judgment." *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 543 (6th Cir.2004) (quoting *Lewis v. Alexander*, 987 F.2d 392, 396 (6th Cir.1993)). "[R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir.2007) (internal citations and quotations omitted).

To be eligible for relief under 60(b)(1), a movant must demonstrate that she has a meritorious claim or defense, in addition to showing the existence of mistake, inadvertence, surprise, or excusable neglect. *Brown v. White*, 124 F.3d 196 (Table), 1997 WL 570399 at *2 (6th Cir. Sept. 11, 1997) (citing *Marshall v. Monroe & Sons, Inc.*, 615 F.2d 1156, 1160 (6th Cir.1980)).   Under 60(b)(2), a court may relieve a party from a final judgment if the movant shows some material  newly discovered evidence "which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." *Pierce v. United Mine Workers of America Welfare and Retirement Fund*, 770 F.2d 449, 451 (6th Cir. 1985).   Broader equitable principles apply to the use of Rule 60(b)(6). *Id.* (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir.1981). Courts should use Rule 60(b)(6) only in exceptional or extraordinary circumstances, and only as a residual clause in cases which are not covered under the first five subsections of Rule 60(b).  *Pierce*, 770 F.2d at 451 (internal and external citations excluded).

III. Discussion

-4-

Case No. 1:08-CV-2006
Gwin, J.

Plaintiff Waiters fails to raise any valid grounds to amend or vacate the Court's judgment under Rule 59(e) or Rule 60(b).

The Plaintiff first contends in her motion for reconsideration that "being pro se [she] did not have knowledge that most or all of Plaintiff's evidence had to be presented in answer to Defendant's request for Summary Judgment." [Doc. 25 at 1.]   The Plaintiff argues that she "did not realize the Court wanted the Plaintiff to present her case before trial or cause the Plaintiff to tip her hand and cause her case to be ruined." [*Id.* at 3.]  This argument does not present a valid ground for relief under either Rule 59(e) or Rule 60(b).[1/]   *See Williams v. Browman*, 981 F.3d at 903 (no authority in Sixth Circuit for the proposition that a district court must advise a pro se party of the evidentiary requirements to defeat summary judgment).

Plaintiff Waiters also renews her allegations that the Defendant "misused" the union rules and collective bargaining agreement and that the conflict in the rules "gives rise to harassment and discrimination." [Doc. 25 at 2.]  The Plaintiff additionally makes further claims of discriminatory discipline by the defendant [*id.*] and tries to explain her involvement in the City's Absence and Sick Abuse program [*id.* at 3].  However, Plaintiff Waiters does not offer any additional specific facts to support her arguments, and does not present any newly discovered evidence that would be grounds for relief under either Rule 59(e) or 60(b)(2).  The Plaintiff repeats allegations and arguments that the Court already addressed in granting summary judgment, and the Court will not reexamine these issues in considering the present motion. *McConocha*, 930 F.Supp. at 1184.  Further, the Court finds that the Plaintiff has not demonstrated that her case presents such exceptional or extraordinary

---

[1/] Moreover, this Court has taken Plaintiff Waiters' pro se status into consideration in granting her request for additional time to respond to the Defendant's motion for summary judgment and in considering the Plaintiff's arguments in her Brief in Opposition to summary judgment on the merits. [Doc. 17, Doc. 23 at 1.]

Case No. 1:08-CV-2006
Gwin, J.

circumstances that relief from judgment must be granted in the interests of justice. *Olle v. Henry &*

*Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)

IV. Conclusion

For the foregoing reasons, the Court **DENIES** the Plaintiff's motion to vacate its judgment

and reconsider its opinion and order granting summary judgment to the Defendant. [Doc. 25.]

IT IS SO ORDERED.


Dated: September 24, 2009                            s/         *James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE